GRIFFIN, Circuit Judge,
concurring in part and dissenting in part.
This is the rare, but classic case of an ambiguous contract. For this reason, I concur in the majority’s holding that the district court erred in granting summary judgment in favor of Carrols, but respectfully dissent from the majority’s conclusion that as a matter of law the contract unambiguously defines the term “Premises” to include the buildings and improvements made on the land. In my view, the lease agreement is ambiguous regarding the meaning of “Premises.” Accordingly, I would not grant summary judgment in favor of either party, but would reverse and remand for trial.
Our task in interpreting a contract is to “give effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory.” Klapp v. United Ins. Group Agency, Inc., 468 Mich. 459, 668 N.W.2d 447, 453 (2003). Where a contract’s language is unambiguous, a question of law is presented, and it is within our province to interpret its meaning. Coates v. Bastian Bros., Inc., 276 Mich.App. 498, 741 N.W.2d 539, 543 (2007). “However, if provisions of a contract irreconcilably conflict, the contractual language is ambiguous, and the ambiguous contractual language presents a question of fact to be decided by a jury.” Laurel Woods Apts. v. Roumayak, 274 Mich.App. 631, 734 N.W.2d 217, 220 (2007).
During the proceedings in this case, the contract has been interpreted three different ways by reasonable jurists. Magistrate Judge Donald A. Scheer ruled that the lease was internally ambiguous, reasoning that the definition of the term “Premises” contained in the preamble conflicts with its later usage in other portions of the agreement. District Judge Denise Page Hood held that the contract unambiguously favors Carrols’ interpretation, concluding that the definition contained in the preamble was controlling. With today’s ruling, the majority now holds as a matter of law that the opposite is true and that the contract is unambiguous in favor of Cain’s interpretation. These divergent interpretations underscore the reality that the contract is inherently ambiguous. Accordingly, I agree with the magistrate judge that “[njeither party has been able to state a convincing argument that a single definition of the term ‘premises’ can be assigned throughout the agreement without disregarding the specific language employed and/or offending logic” and that, as a result, this conflict presents “the very essence of ‘ambiguity.’ ”
The majority begins its analysis by making a crucial observation, pointing out that the term “Premises” is defined in the agreement’s preamble, and again in Schedule A, as referring solely to the land located at 1023 N. West Avenue in Jackson, separate and apart from any improvements made on the land. The preamble provides:
Lessor ... does hereby lease ... the following described premises (hereinafter the “Premises”) located at 1023 N. West Avenue, Jackson, MI 49202 and being located at 1023 N. West Avenue, Jackson, MI 49202 and being more particularly described on Schedule A ...; together with all buildings, structures and other improvements whether now existing or hereafter erected thei’eon (hereinafter collectively the “Building”) and all easements, rights of way, licenses and appurtenances thereto, and together with all rights and privileges in and about the Premises as may be necessary or convenient to the operations of *438 Lessee’s business at the Premises for the term and upon the conditions hereinafter set forth.
This definition, which incorporates the metes and bounds description found in Schedule A, is the lone definition of “Premises” contained in the agreement, and the district court held that it was controlling over other portions of the contract.
After conceding that, under the preamble’s definition, “the terms ‘Premises’ and ‘Building’ can be interpreted as being distinct and mutually exclusive,” the majority then explains why the definition of “Premises” contained in the preamble should not control over the remaining portions of the contract and how the term is used throughout the agreement in a way inconsistent with the definition provided in the preamble. I find this analysis persuasive and, as a consequence, I join in the majority’s conclusion that the district court erred in granting summary judgment to Carrols.
Yet the inescapable fact remains that the agreement’s sole definition of the term “Premises” refers only to the land located on West Avenue. Although the majority ably explains how the term “Premises” is used in other sections of the agreement to refer to both the land and any improvements made thereon, it does not — and cannot — reconcile the definition found in the preamble with the later usage of the term. “[I]f two provisions of the same contract irreconcilably conflict with each other, the language of the contract is ambiguous.” Klapp, 663 N.W.2d at 458.
In my view, the appropriate response is not to rewrite the preamble’s definition of the term “Premises” to accord with Merriam Webster’s definition of the word, nor is it to hold that the use of the term in later provisions of the contract trumps its explicit definition contained in the preamble. In this case in which we apply the substantive law of Michigan, I would follow the Michigan Supreme Court’s directive that “courts cannot simply ignore portions of a contract in order to avoid a finding of ambiguity,” Klapp, 663 N.W.2d at 453. Accordingly, I would hold that the present contract is ambiguous and thus remand the case for trial before the trier of fact. Here, a genuine issue of material fact exists making summary judgment unwarranted for either party. Fed.R.Civ.P. 56(c).
For these reasons, I respectfully concur in part, and dissent in part.